UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE D. MOBLEY,

      Plaintiff,

v.                                                                                                    Case Number 17-13086
                                                                                            Honorable David M. Lawson

STATE OF MICHIGAN,

      Defendant.

_____/

## **OPINION AND ORDER DISMISSING THE COMPLAINT**

The plaintiff, Dale D. Mobley, recently filed a *pro se* complaint purporting to be a class action lawsuit under 42 U.S.C. § 1983. When the plaintiff filed his complaint, he was a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, and he alleged that was being unlawfully confined in prison. Since then, he has been released on parole. However, the only defendant named in the complaint is the State of Michigan, which is immune from suit on all of the claims pleaded. The Court therefore will dismiss the complaint.

I.

The plaintiff alleges that on February 28, 2017 the Michigan Parole Board interviewed him and decided to release him on parole. As of September 12, 2017, when the plaintiff drafted his complaint, the Michigan Department of Corrections had not released him on parole, and he was still confined in prison. The plaintiff contends that the delayed release comprised unlawful confinement and that the Department of Corrections has no jurisdiction over him. However, information available from the public records of the Michigan Department of Corrections indicates the petitioner was released on parole on November 1, 2017.

II.

Where, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

The plaintiff's complaint fails to state a plausible claim for relief because the sole defendant is the State of Michigan, and "in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). In addition, "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Furthermore, because the only relief demanded in the complaint was release on parole, the petitioner's complaint now is moot because he was granted all of the relief that he sought when the State released him after this lawsuit was filed. As the Sixth Circuit noted in *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009), federal courts "lack[] jurisdiction to consider any case or issue that has

'lost its character as a present, live controversy' and thereby becomes moot," *id.* at 512 (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). "If 'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside [the Court's] jurisdiction." *Ibid.* (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)). The only basis for the claims pleaded was the petitioner's allegedly unlawfully confinement while awaiting release on parole; now that he has been released, his case has lost its character as a live case or controversy.

### III.

The plaintiff's suit seeking to compel his release on parole is moot, and the only defendant named in the pleadings is immune from suit under 42 U.S.C. § 1983.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 30, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2017.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---